UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

CARL DWAYNE CRAWFORD,          :
                               :
            Plaintiff,         :     Civ. No. 18-1124 (FLW)
                               :
      v.                       :
                               :
EDWARD M. FRIMEL, SA, *et al.*,:     **MEMORANDUM OPINION**
                               :
            Defendants.        :
                               :

**FREDA L. WOLFSON, U.S.D.J.**

On March 15, 2018, plaintiff, Carl Dwayne Crawford ("Crawford" or "Plaintiff"), a federal prisoner, filed *pro se* with the Court a complaint alleging claims under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and potentially under 42 U.S.C. § 1983 and Pennsylvania tort law. (*See* Compl., ECF No. 11.) Crawford was granted leave to proceed *in forma pauperis*, and the Court now undertakes a screening of his Complaint pursuant to 28 U.S.C. § 1915. For the reasons stated herein, Crawford shall respond to an Ordered to Show Cause why his Complaint should not be dismissed as facially untimely.

Under the Prison Litigation Reform Act, Pub. L. 104-134, §§ 801–810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), a district court must review a complaint when the plaintiff is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B). Crawford alleges that, on January 16, 2003, while driving in Philadelphia, a number of FBI agents and Philadelphia police officers stopped him on suspicion of his involvement in a bank robbery, "snatched" him from his car, punched him in the face, and, ultimately, arrested him. (ECF No. at 3–3(a).) He contends that the defendant officers lacked any probable cause to stop and arrest him. (*See id.*) He further

recounts that he was detained pending trial and was subsequently acquitted of the bank robbery charges on January 14, 2004.[1] (*Id.* at 3(a)–3(b).) He alleges that he was deprived of a judicial probable-cause hearing when he was initially detained on January 16, 2003. (*Id.*)

Although Crawford indicates in his Complaint that his "Fourth Amendment claim is solely for unlawful pretrial detention," I liberally construe the Complaint as also asserting potential Fourth Amendment claims for false arrest, malicious prosecution, and excessive force, as well as a tort claim for intentional infliction of emotional distress. (*See id.* at 3–3(b).) The Complaint demands declaratory judgment, compensatory and punitive damages, injunctive relief, and costs. (*Id.* at 5–6.)

The PLRA directs district courts to *sua sponte* dismiss claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To survive the Court's screening for failure to state a claim, the complaint must allege "sufficient factual matter to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at

---

[1] Crawford was convicted, however, of drug and weapons charges arising from a subsequent, warranted search of his residence. *See Crawford v. United States*, Crim. No. 03-105, 2010 WL 3910102, at *1 (E.D. Pa. Oct. 4, 2010).

678; *see also Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, will be liberally construed. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972); *Glunk v. Noone*, 689 F. App'x 137, 139 (3d Cir. 2017). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

Here, the Court first assesses the timeliness of Crawford's Complaint. "Although the running of the statute of limitations is ordinarily an affirmative defense, where that defense is obvious from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred complaint *sua sponte* under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim." *Ostuni v. Wa Wa's Mart,* 532 F. App'x 110, 111–12 (3d Cir. 2013); *see also Hunterson v. Disabato,* 244 F. App'x 455, 457 (3d Cir. 2007) ("[A] district court may *sua sponte* dismiss a claim as time-barred under 28 U.S.C. § 1915A(b)(l) where it is apparent from the complaint that the applicable statute of limitations has run."). Causes of action under *Bivens*, like those asserted under 42 U.S.C. § 1983, are subject to the same limitations period as state claims for personal injuries. *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010); *see also Omar v. Blackman*, 590 F. App'x 162, 165 (3d Cir. 2014). Personal-injury claims in Pennsylvania are restricted by a two-year statute of limitations. 42 Pa. Cons. Stat. § 5524(2). Thus, both Crawford's *Bivens* claims, as well as any claims under 42 U.S.C. § 1983 or Pennsylvania tort law, are subject to a two-year period of limitations. *See Omar*, 590 F. App'x at 165.

The limitations period begins to run on the date the specific claim accrues. For *Bivens* or § 1983 claims, the accrual date of the claim is determined in accordance with federal law. *Disabled in Action of Pa. v. Se. Pa. Transp. Auth.*, 539 F.3d 199, 209 (3d Cir. 2008); *see also Peguero v. Meyer*, 520 F. App'x 58, 60 (3d Cir. 2013). Generally, a claim accrues when the facts which support the claim reasonably should have become known to the plaintiff. *Sameric Corp. of Del. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998) (citing *De Botton v. Marple Township*, 689 F. Supp. 477, 480 (E.D. Pa. 1988)); *see also Large v. County of Montgomery*, 307 F. App'x 606, 606 (3d Cir. 2009). Thus, "a claim accrues as soon as a potential plaintiff either is aware, or should be aware after a sufficient degree of diligence, of the existence and source of an actual injury." *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 590 (3d Cir. 2005) (citing *Keystone Ins. Co. v. Houghton*, 863 F.2d 1125, 1127 (3d Cir.1988)), *abrogated on other grounds by Rotkiske v. Klemm*, 890 F.3d 422 (3d Cir. 2018); *see also Large*, 307 F. App'x. at 606. Put another way, "a cause of action accrues when the fact of injury and its connection to the defendant would be recognized by a reasonable person." *Kriss v. Fayette County*, 827 F. Supp. 2d 477, 484 (W.D. Pa. 2011) *aff'd*, 504 F. App'x 182 (3d Cir. 2012); *see also Giles v. City of Philadelphia*, 542 F. App'x 121, 123 (3d Cir. 2013) (citing *Sandutch v. Muroski*, 684 F.2d 252, 254 (3d Cir.1982) (federal cause of action accrues when the plaintiff is aware, or should be aware, of the existence of and source of the injury, not when the potential claimant knows or should know that the injury constitutes a legal wrong)). Because a prerequisite to bringing a claim for malicious prosecution is termination of the criminal proceedings in the claimant's favor, a malicious-prosecution claim accrues at the time of favorable termination. *Heck v. Humphrey*, 512 U.S. 477, 489 (1994); *Randall v. City of Phila. Law Dep't*, 919 F.3d 196, 198 (3d Cir. 2019).

Here, Crawford's claims appear to be untimely from the face of the Complaint. The bulk of the facts underlying his claims occurred on January 16, 2003. (*See* ECF No. 1 at 3–3(a).) Crawford claims that he received favorable termination of the bank-robbery-related charges on January 14, 2004, and it appears that his allegedly improper pretrial detention ended around the same time. (*Id.*) Therefore, the two-year limitations periods for his claims for false arrest and excessive force, as well as any other claims arising from the arrest itself, had run as of January 16, 2005. The limitations period for any claims for false imprisonment, malicious prosecution, or any other ground related to his detention or prosecution had run by early 2006. Yet Crawford's Complaint is dated March 7, 2018, was received by the Clerk's Office on March 15, 2018. (*See* ECF No. 1.) Accordingly, it appears Crawford filed this Complaint more than a decade too late.

The Court also considers whether the limitations period was suspended or tolled. "'State law, unless inconsistent with federal law, also governs the concomitant issue of whether a limitations period should be tolled.'" *McPherson v. United States*, 392 F. App'x 938, 944 (3d Cir. 2010) (quoting *Dique*, 603 F.3d at 185). "[E]quitable tolling requires extraordinary circumstances and diligence in pursuing the claim." *Rascoe v. Cody*, 763 F. App'x 228, 232 (3d Cir. 2019) (citing *Kach v. Hose*, 589 F.3d 626, 643 (3d Cir. 2009) & *Robinson v. Dalton*, 107 F.3d 1018, 1023 (3d Cir. 1997). Crawford has not alleged any extraordinary circumstance or diligence in pursuing his claim. (*See* ECF No. 1.) Neither has he identified any statutory basis for tolling his limitations period. (*See id.*)

I note that Crawford characterizes his claims as "authorized by 42 U.S.C. § 1983, [*Bivens*], pursuant to Supreme Court's recent decision in *Manuel v. City of Joliet*, 137 S. Ct. 911 (March 21, 2017)." In that case, the Supreme Court resolved a circuit split as to whether civil

5

rights claims arising from pretrial detention following the start of legal process could properly be raised under the Unlawful Search and Seizure Clause of the Fourth Amendment or only under the Due Process Clause of the Fourteenth Amendment.  *See id.*  The Court held that "the Fourth Amendment governs a claim for unlawful pretrial detention even beyond the start of legal process."  *Id.* at 920.  This holding effectively saved Manuel's Fourth Amendment claim from dismissal as untimely, as he had filed his complaint more than two years after the start of legal process in his criminal case, but less than two years after his pretrial detention ended.[2]  *See id.*  The *Manuel* Court did not, however, authorize any Fourth Amendment claim concerning pretrial detention regardless of whether it was timely filed.  *See id.*  Its holding in no way saves Crawford's claims, filed 12 years after the latest possible date of accrual, from dismissal as untimely.

     For the reasons explained above, upon screening the Complaint, the Court orders Crawford to show cause within 30 days why his Complaint should not be dismissed as untimely.  An appropriate order follows.


DATED:  August 14, 2019                                                   /s/ Freda L. Wolfson
                                                                                   FREDA L. WOLFSON
                                                                                   U.S. Chief District Judge

---

[2]  The Supreme Court remanded the case to the Court of Appeals for the Seventh Circuit for a decision concerning the accrual of Manuel's claim. *Manuel*, 137 S. Ct. at 920–22.  That court ultimately concluded that his Fourth Amendment claim accrued upon his release from pretrial detention, thus rendering his claim timely. *See Manuel v. City of Joliet*, 903 F.3d 667 (7th Cir. 2018).